## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**EARNEST TALLEY**                                                                   **PETITIONER**

vs.                                           **CIVIL ACTION NO.: 1:12cv140-NBB-JMV**

**BILLY PICKER and**
**LOWNDES COUNTY ADULT DETENTION CENTER**           **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

Presently before the Court is the pro se petition of Earnest Talley, a pretrial detainee housed at the Lowndes County Adult Detention Center, seeking federal habeas relief pursuant to 28 U.S.C. § 2241, and Respondents' motion to dismiss the petition for failure to state a claim upon which relief can be granted. Upon due consideration, the Court finds that Respondents' motion should be granted and the petition dismissed, for the reasons that follow.

### Facts and Procedural History

On April 12, 2012, Petitioner was indicted in the Circuit Court of Lowndes County, Mississippi, for two counts of burglary of a dwelling. (*See* Resp. Mot. to Dismiss, Ex. A). A capias issued for Petitioner's arrest that was served on him on May 14, 2012. (*Id.*, Ex. B). Petitioner is currently being held in the Lowndes County Jail and awaiting his August 29, 2012, trial date for the burglary charges. (*Id.*, Ex. C). Petitioner filed the instant petition on July 2, 2012, complaining that he was denied a preliminary hearing and requesting that the Court notify the Circuit Court of Lowndes County that Petitioner's rights have been violated. (*See* Pet., 8).

### Law and Analysis

Because he has not yet been convicted, Petitioner is a pretrial detainee who has the right to seek federal habeas relief, but that relief "does not lie, absent 'special circumstances,' to

adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). Courts have recognized "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). A pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Id.* To the extent Petitioner is attempting to prevent the State from following through with its prosecution of him on the pending charges, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes" and no federal intervention is warranted. *Id.* at 1282-83; *see also Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("[F]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner.").

The Court otherwise finds that Petitioner requests relief that is unavailable in federal habeas, as this Court cannot require the Circuit Court of Lowndes County to conduct a preliminary hearing. *See, e.g., Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir. 1973). It also notes that Uniform Circuit and County Court Rule 6.05 provides that "[a] defendant who has been indicted by a grand jury shall not be entitled to a preliminary hearing." *See also Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969) (adopting district court's holding that "preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's

release on habeas corpus"). Petitioner does not present a constitutional claim, and his petition should be dismissed. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]").

## Conclusion

Because Petitioner seeks relief that is unavailable in federal habeas, the Court cannot hear the merits of his claim. The Court otherwise finds that the instant petition fails to raise a constitutional claim. Therefore, the Court **GRANTS** Respondents' motion to dismiss for failure to state a claim upon which habeas relief can be granted (doc. entry no. 6) and **DISMISSES** without prejudice the instant petition for writ of habeas corpus. Any pending motions are dismissed as moot. A separate judgment in accordance with this opinion and order will be entered today.

**SO ORDERED**, **THIS** the 3rd day of September, 2012.

/s/ **Neal Biggers**
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**

3